UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETH LEIFER,

                Plaintiff,

      v.

JPMORGAN CHASE BANK, N.A.,
JOHN DOES 1-10, and JANE DOES 1-10,

                Defendants.

**ORDER**

18 Civ. 7477 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Seth Leifer alleges claims against Defendant JPMorgan Chase Bank, NA ("Chase") for, <u>inter alia</u>, breach of contract, gross negligence, breach of fiduciary duty, and tortious interference. (Second Amended Complaint ("SAC") (Dkt. No. 23))[1] The action was filed in New York state court on August 7, 2018, and removed on August 16, 2018. (Dkt. No. 1)

        Plaintiff – who is a citizen of New York – has moved for joinder and remand. Plaintiff seeks to add Debbie Velez and Jane Au Yeung – who are citizens of New York – as defendants. Joinder would thus destroy complete diversity and would necessitate a remand under 28 U.S.C. § 1447(e). (Dkt. Nos. 28, 30) Chase argues that Plaintiff's motion should be denied, because joinder of Velez and Yeung would be improper under Federal Rule of Civil Procedure 20(a)(2), and remand would not be fundamentally fair under Section 1447(e). (Dkt. No. 34)

---

[1] This Court will refer to Dkt. No. 23 as the Second Amended Complaint, because Plaintiff styled Dkt. No. 23 in this manner. Dkt. No. 23 is only the second complaint that Plaintiff has filed, however. On February 21, 2019, Plaintiff attempted to file an Amended Complaint, and that filing was rejected by the Clerk's Office. <u>See</u> Dkt. No. 20.

For the reasons stated below, Plaintiff's motion for joinder will be granted, and this case will be remanded to Supreme Court of the State of New York, New York County.

## BACKGROUND

### I. FACTS

Plaintiff Seth Liefer is a citizen of New York and the managing member of GHRF LLC, a New York restaurant company. Defendant Chase is a national banking association and a citizen of Ohio. (SAC (Dkt. No. 23) ¶¶ 1-2, 38)

Liefer formed GHRF LLC in September 2015, and later entered into an operating agreement with Ossama Youssef, John P. Brady, and Nikolaos Biziouras whereby he would be managing member and the other three would be investors in and non-managing members of GHRF LLC. (Id. ¶¶ 29-44)

On May 4, 2016, Plaintiff opened a bank account for GHRF LLC at a Chase branch in New York City. (Id. ¶ 45) On May 10, 2016, Plaintiff was introduced to Debbie Velez, a Chase employee, who was designated as the point of contact for GHRF's account. (Id. ¶¶ 55-59)

In an October 16, 2017 telephone call, Velez informed Plaintiff that Youssef had attempted to replace Plaintiff as the signator on the Account. (Id. ¶ 64) Velez told Plaintiff that Youssef had shown her an amendment to the GHRF operating agreement that purported to convert GHRF to a member-managed LLC. (Id. ¶ 66) Velez advised Plaintiff that he would have to appear in person at the branch in order to effectuate the change. (Id. ¶ 69) Plaintiff advised Velez that he had not agreed to be replaced as the signator on the account. (Id. ¶¶ 72-73)

The SAC further alleges that later on October 16, 2017, Youssef approached Jane Au Yeung and other Chase employees – referred to as Jane and John Doe Defendants in the

2

Amended Complaint – to effectuate the change to GHRF's account. (Id. ¶ 89) According to Plaintiff, Yeung and one of the Doe Defendants are (1) personal bankers for, and friends of, Youssef, Brady, and Lara Hrafnkelsdottir; and (2) business bankers for Vikingur Consulting LLC, a partnership of Youssef and Hrafnkelsdottir. (Id. ¶¶ 67, 90-99)

Later on October 16, 2017, Yeung and the Doe Defendants removed Plaintiff as the sole signator on the GHRF account, substituting Youssef as the authorized signator. (Id. ¶¶ 64, 103) Plaintiff learned on October 17, 2017, that he no longer had access to GHRF's account. (Id. ¶ 126)

Plaintiff alleges that, as a result of losing access to GHRF's bank account, he was prevented him from operating GHRF's restaurant business. (Id. ¶¶ 100-105) Plaintiff claims that Yeung and the Doe Defendants made this change for the benefit of Youssef, Brady, Hrafnkelsdottir, and Vikingur Consulting LLC, and did so on an expedited basis to prevent Plaintiff from stopping the change. (Id. ¶¶ 106-122)

On November 22, 2017, Plaintiff surrendered his interest in GHRF, incurring tens of thousands of dollars in costs and legal fees in doing so. (Id. ¶¶ 148-149). The Second Amended Complaint seeks damages in excess of $500,000. (Id. at 26)[2]

## II. PROCEDURAL HISTORY

The Complaint was filed in Supreme Court of the State of New York, New York County, on August 7, 2018. (Id.) On August 16, 2018, Chase removed the action. (Dkt. No. 1)

On March 8, 2019, Plaintiff filed the Second Amended Complaint. (Dkt. No. 23) The SAC pleads causes of action against (1) Chase, Velez, and Yeung for gross negligence, negligent misrepresentation, breach of fiduciary duty, and tortious interference with contract and

---

[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF") system.

3

prospective economic advantage; and (2) Chase for negligent hiring, retention, and supervision, breach of contract, and breach of the implied covenant of good faith and fair dealing. (Id.)

On May 8, 2019, Plaintiff filed the instant motion for joinder and remand. (Dkt. No. 28)

**DISCUSSION**

I. **LEGAL STANDARDS**

  A. **Joinder of Non-Diverse Parties After Removal**

As discussed above, in the Second Amended Complaint Plaintiff adds New York residents Velez and Yeung as defendants. (SAC (Dkt. No. 23) ¶¶ 7, 13) Because Leifer is a citizen of New York, the addition of Velez and Yeung as named defendants destroys diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1447(e), however, a plaintiff must seek permission from the Court prior to joinder of a defendant who destroys diversity jurisdiction, even where the complaint could otherwise be amended as of right. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); Pu v. Russell Publ'g Grp., Ltd., No. 15 Civ. 3936 (VSB), 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015) ("'[E]very federal court that has considered [this] issue has found that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A).'" (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009))).

"When a plaintiff seeks to join additional non-diverse defendants after removal, a court may deny joinder, or permit joinder and remand the action to the State court. . . . 'The decision whether to allow joinder is within the discretion of the trial court.'" Lebetkin v. Giray,

No. 18 Civ. 8170 (DLC), 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (quoting Soto v. Barnitt, 00 Civ. 3452 (DLC), 2000 WL 1206603, at *2 (S.D.N.Y. Aug 23, 2000)).  In exercising that discretion, courts in this Circuit apply a two-part test:  First, "[j]oinder is appropriate under § 1447(e) only when the new parties are proper under Rule 20(a) of the Federal Rules of Civil Procedure."  Hosein v. CDL W. 45th St., LLC, No. 12 Civ. 06903 (LGS), 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013) (citing Vanderzalm v. Sechrist Indus., Inc., 875 F.Supp.2d 179, 183 (E.D.N.Y. 2012)).  Rule 20(a) provides that new defendants may be properly added where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).

Second, "district courts consider whether joinder and remand under Section 1447(e) would 'comport with principles of fundamental fairness.'"  Hosein, 2013 WL 4780051, at *4 (quoting Deutchman v. Express Scripts, Inc., No. 07 Civ. 3539 (DLI), 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008); citing Briarpatch Ltd. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000)).  "The following four factors are relevant to the consideration of fundamental fairness:  '(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend.'"  Lebetkin v. Giray, No. 18 Civ. 8170 (DLC), 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (quoting Soto v. Barnitt, 00 Civ. 3452 (DLC), 2000 WL 1206603, at *2 (S.D.N.Y. Aug 23, 2000); citing Grant v. Johnson & Johnson, 17 Civ. 3356 (GBD), 2017 WL 6812035, at *2 (S.D.N.Y. Dec. 19, 2017); Durstenberg v. Electrolux Home Products, Inc., 15 Civ. 9277 (CM), 2016 WL 750933, at *2 (S.D.N.Y. Feb 23, 2016); Cooper v.

5

Trustees of College of the Holy Cross, 13 Civ. 8064 (KPF), 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014); Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003); Briarpatch Ltd., 81 F. Supp. 2d at 515).

## II. ANALYSIS

### A. Joinder Under Rule 20(a)

The Second Amended Complaint pleads causes of action against Chase, Velez, and Yeung that arise from the same transaction – the removal of Plaintiff as the signator on GHRF's Chase bank account. Common questions of law and fact are implicated by these claims, including the information available to the Defendants when Plaintiff was removed from GHRF's account; whether Plaintiff had a contractual relationship with Chase; whether Velez, Yeung, or the Doe Defendants owed a duty of care to Plaintiff; and, if so, the applicable standard of care.

Chase does not dispute that Plaintiff's claims against all Defendants arise from a common nucleus of fact and present common questions of law. Instead, Chase contends that amendment would be futile, because Plaintiff's claims against Velez and Yeung would not survive a motion to dismiss. (Def. Br. (Dkt. No. 34) at 17)

As an initial matter, it is not entirely clear that futility is part of the analysis for permissive joinder under Rule 20(a). In support of its argument that joinder can be denied on grounds of futility, Chase cites Beg v. Elias Props. Valley Stream 500 Sunrise, LLC, No. 16 Civ. 3807 (ADS), 2017 WL 1906728, at *2 (E.D.N.Y. May 5, 2017), in which the court states that "[s]ome courts hold that the Plaintiff's burden [on a motion for joinder] is equal to the pleading standard, and will therefore scrutinize the motion to join under the Rule 12(b)(6) standard." (Id. (citing Beg, 2017 WL 1906728, at *2)) Beg, in turn, cites Lawrence v. Starbucks Corp., No. 08 Civ. 3734, 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009), which in turn relies on Oneida

Indian Nation of New York v. City of Sherill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005). Oneida does not involve joinder or Rule 20, however, and merely stands for the unremarkable proposition that, in the context of Rule 15, "[a] proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Oneida, 337 F.3d at 168.

Chase also cites Smith v. Nkomarume, No. 17 Civ. 6369 (DF), 2018 WL 4660362, at *3 (S.D.N.Y. Sept. 5, 2018), see Def. Br. (Dkt. No. 34) at 17, in which the court states that "a motion for joinder, like a motion to amend, should be denied 'if there is an "apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . [or] futility of amendment."'" Smith, 2018 WL 4660362, at *3 (quoting Dluhos v. Floating and Abandoned Vessel, Known as "New York", 162 F.3d 63, 69 (2d Cir. 1998)). Dluhos addresses futility in the context of Rule 15, however, and does not address joinder or Rule 20(a).

Finally, Chase cites Hylton v. J.P. Morgan Chase Bank, N.A., 338 F. Supp. 3d 263, 284 (S.D.N.Y. 2018) for the proposition that "'[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'" (Def. Br. (Dkt. No. 34) at 17 (citing Hylton, 338 F. Supp. at 284). Again, Hylton involved a motion for leave to amend, not joinder and Rule 20(a). Hylton, 338 F. Supp. at 284.

In any event, accepting the facts pled in the Second Amended Complaint as true, it appears that Plaintiff has adequately pled a gross negligence claim against Yeung and Velez. The elements of a gross negligence claim under New York law are as follows: "(1) the existence of a duty; (2) a breach of that duty; (3) injury as a result thereof; and (4) conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." Purchase Partners, LLC v. Carver Fed. Sav. Bank, 914 F. Supp. 2d 480, 497 (S.D.N.Y. 2012) (internal

7

quotation marks omitted). The "existence and scope of a duty is a question of law" for the court. Fed. Ins. Co. v. Distinguished Props. Umbrella Managers Inc., 721 F. Supp. 2d 293, 299 (S.D.N.Y. 2010). "The New York Court of Appeals has expressed its 'inclination to correlate the duty of care owed plaintiff with the risk of harm reasonably to be perceived . . . and concurrently consider the question of foreseeability.'" Michalski v. Home Depot, Inc., 225 F.3d 113, 120 (2d Cir. 2000) (quoting Basso v. Miller, 40 N.Y.2d 233, 241 (1976)). Gross negligence or willful misconduct requires "facts that amount to malice, recklessness, or callous indifference." Morgan Stanley & Co. Inc. v. Peak Ridge Master SPC Ltd., 930 F. Supp. 2d 532, 545 (S.D.N.Y. 2013).

Defendants argue that Yeung and Velez owed no duty of care to Plaintiff, "because banks do not owe non-customers a duty of care." (Def. Br. (Dkt. No. 34) at 19) But Plaintiff was no ordinary non-customer. He was, instead, the managing member of GHRF and the sole signator for GHRF's member-managed Chase account. It is also clear that Velez understood that Plaintiff controlled GHRF's account, because she contacted him regarding Youssef's attempt to change the signator. (SAC (Dkt. No. 23) ¶¶ 38, 45, 64) The cases Defendants cite are not on point, because they involve plaintiffs who had no direct dealings with the bank. See Fisher v. New York Chase Manhattan Bank, No. 16 Civ. 6030 (VSB), 2018 WL 1274560, at *4 (S.D.N.Y. Mar. 8, 2018), aff'd sub nom. Fisher v. JPMorgan Chase Bank, N.A., 740 F. App'x 745 (2d Cir. 2018) (finding no duty where "the Amended Complaint does not contain any allegations of direct dealings between Plaintiff and Chase."); Zamora v. JPMorgan Chase Bank, N.A., No. 14 Civ. 5344 (WHP), 2015 WL 4653234, at *4 (S.D.N.Y. July 31, 2015) (finding no duty where non-party "signed [account] agreement . . . with JPMorgan" and JPMorgan did not otherwise interact with plaintiffs); Aiken v. Interglobal Mergers &

Acquisitions, No. 05 Civ. 5503 (LAP), 2006 WL 1878323, at *1 (S.D.N.Y. July 5, 2006) (addressing a non-customer plaintiff who "alleges that he was swindled and that [the bank] was used, albeit unwittingly, as an intermediary in the swindle").

Moreover, New York courts "concurrently consider the question of foreseeability" in assessing whether a duty of care exists, and here the factual allegations of the SAC suggest that it was foreseeable to Yeung and Velez that Plaintiff's loss of control over the GHRF Chase account could present a risk of harm to Plaintiff. See Michalski, 225 F.3d at 120.

As to the other elements of a gross negligence claim – injury and recklessness or intentional wrongdoing – the SAC's factual allegations present "question[s] of fact for a jury to determine." Travelers Indem. Co. of Conn. v. Losco Grp., Inc., 136 F. Supp. 2d 253, 256-57 (S.D.N.Y. 2001) (citing Gentile v. Garden City Alarm Co., 147 A.D.2d 124, 130 (2d Dept. 1989). The SAC pleads facts suggesting that Yeung changed the signator on the account surreptitiously, improperly and wrongfully, causing damage to Plaintiff. The SAC further alleges that Plaintiff alerted Velez to the allegedly improper change in the signator, but she did nothing to correct it. (SAC (Dkt. No. 23) ¶¶ 106-108) These allegations are sufficient at the pleading stage. Accordingly, Defendants have not demonstrated that joinder would be futile.

### B. Fundamental Fairness

As discussed above, under 28 U.S.C. § 1447(e), a court considering a joinder and remand motion must consider whether granting the motion "would 'comport with principles of fundamental fairness.'" Hosein, 2013 WL 4780051, at *4 (quoting Deutchman, 2008 WL 3538593, at *3). In making a determination concerning "fundamental fairness," courts consider "'(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to

9

the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend.'" Lebetkin, 2018 WL 5312907, at *2.

As to delay, Plaintiff argues that he "did not have a good faith basis to name Defendant Yeung until he located documentation listing her as the responsible account officer at Chase for GHRF, LLC, on January 30, 2019." (Pltf. Br. (Dkt. No. 30) at 13) Plaintiff sought leave to amend within two weeks of learning of Yeung's identity, by filing a February 13, 2019 letter requesting a pre-motion conference. (Pltf. Ltr. (Dkt. No. 17)) As to Yeung, the Court finds no inordinate delay.

As to Velez, she was a named non-party in the original Complaint, and Plaintiff sought to join her as a defendant more than six months after filing the Complaint. Plaintiff's asserts that "[t]he inclusion of Defendant Yeung raises legitimate alternative theories of liability against Defendant Velez." (Pltf. Br. (Dkt. No. 30) at 13) However, he does not explain why none of the causes of action against Velez were viable when the original Complaint was filed. As to Velez, Plaintiff's delay in naming her as a defendant weighs against joinder.

As to prejudice, Chase concedes that there is none. (Def. Br. (Dkt. No. 34) at 29) Accordingly, this factor weighs in favor of joinder.

As to the risk of multiple litigations, Chase states that Plaintiff only "argues that he 'can' sue the Employee Defendants separately in state court," but "does not aver that he will sue them in state court if the Court denies joinder." (Def. Br. (Dkt. No. 34) at 30) (emphasis in original). Chase argues that any such suit against Velez and Yeung "would be a waste of time and effort," because Plaintiff "can recover from Chase in this action under the doctrine of respondeat superior." (Id. at 10) This Court will not speculate as to Plaintiff's intentions, however. Plaintiff has pled facts suggesting that Velez and Yeung played a significant role in his

losing control of GHRF's Chase account and – as a result – losing control of GHRF. And Plaintiff referenced Doe Defendants in the Complaint, which demonstrates that – from the outset of this litigation – he intended to sue individual Chase employees once they were identified. Accordingly, the possibility of multiple litigations cannot be dismissed, and this factor weighs in favor of joinder.

As to Plaintiff's motivation in seeking to join Velez and Yeung, "unless a plaintiff seeks to add a non-diverse party solely to destroy the court's basis for diversity jurisdiction, the court is required if the other factors are met to remand the action to state court." Balfour v. Quest Diagnostiics Inc., No. 11 Civ. 4701 (JSR), 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012) (internal quotations and citations omitted) (emphasis in original). Plaintiff concedes that he is "partially motivated to destroy diversity," but states that his primary motivation "is to join all defendants who may have caused or contributed to his damages in order to increase his chances of recovery and to expedite litigation." (Pltf. Br. (Dkt. No. 30) at 13) There is no reason to doubt Plaintiff's representations.

As noted above, the Complaint includes claims against Doe Defendants (Cmplt. (Dkt. No. 1-1) ¶¶ 4-5), and Plaintiff sought to learn the identity of the Doe Defendants prior to removal and before this Court, suggesting an intent to name non-diverse defendants and to assert additional causes of action once Doe Defendants were identified. (Leifer Aff. (Dkt. No. 29) ¶¶ 4, 6, 10, 12, 27-30) Plaintiff learned Yeung's identity in the course of this litigation, and courts have acknowledged that "joinder may be allowed where . . . a plaintiff discovers new information, subsequent to filing [his] complaint, that warrants the addition of new parties." Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09 Civ. 213, 2009 WL 1940731, at *6 (E.D.N.Y. July 2, 2009).

11

Chase argues that "Plaintiff has sued two individuals against whom he cannot state a claim as a matter of law." (Def. Br. (Dkt. No. 34) at 31) "New York has liberal pleading rules, [however,] especially for a summons with notice, which require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'" MBIA Ins. Corp. v. Royal Bank of Canada, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (quoting Parker v. Mack, 61 N.Y.2d 114 (1984)). In any event, this Court cannot find that Plaintiff's sole motivation in seeking to add Velez and Yeung as defendants is to destroy diversity. Accordingly, this factor weighs in favor of joinder.

\* \* \* \*

Having considered the four-factor "fundamental fairness" test, the Court concludes that – on balance – the factors support Plaintiff's motion for joinder and remand. Accordingly, Plaintiff's motion will be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for joinder and remand (Dkt. No. 28) is granted. Defendant's motion for oral argument (Dkt. No. 35) is denied as moot. The Clerk of Court is instructed to terminate the motions (Dkt. Nos. 28, 35), to close this case, and to return the matter to the Clerk of Supreme Court of the State of New York, New York County. Any other pending motions are moot.

Dated: New York, New York
      March 9, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge